UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DAVIS,

    Plaintiff,

v.

REGENTS OF THE UNIVERSITY
OF MICHIGAN, SALLY J.
CHURCHILL, REBECCA PICKUS,
and MARIA VISCONTI,

    Defendants.

Case No. 19-12121
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

**OPINION AND ORDER ADOPTING REPORT & RECOMMENDATION [17], GRANTING DEFENDANT VISCONTI'S MOTION FOR SUMMARY JUDGMENT [11], AND AFFIRMING THE ORDER DENYING PLAINTIFF'S MOTION TO APPOINT AN EXPERT [21]**

Andre Davis, who is currently incarcerated, filed a pro se complaint alleging violations of his constitutional rights in connection with his termination from the University of Michigan's Inside-Out Prison Exchange Program.

Defendant Maria Principato (née Visconti), the corrections program coordinator of the Michigan Department of Corrections, filed a motion for summary judgment based on failure to exhaust administrative remedies and a motion to dismiss based on sovereign immunity. (ECF No. 11.) Magistrate Judge David R. Grand issued a report recommending the Court grant Principato's motion for summary judgment. (ECF No. 17.) Davis objected (ECF No. 18) and simultaneously filed a motion to appoint an expert (ECF No. 19). Judge Grand issued an order denying the motion to appoint an expert (ECF No. 21) and Davis objected (ECF No. 22).

I.

At the time of the incident giving rise to Davis's complaint, he was incarcerated at the Macomb Correctional Facility (MRF), a Michigan Department of Corrections (MDOC) prison. (ECF No. 1, PageID.6.) In January 2018, Davis was selected to participate in the University of Michigan's "Inside-Out Prison Exchange Program." (*Id.*) The class was led by Defendant Rebecca Pickus. (*Id.*) After attending a few class sessions and submitting two writing assignments, Davis was informed by Defendant Principato that he was being terminated from the program. (*Id.* at PageID.11.) Davis alleges that Principato told him that Pickus had asked for Davis to be removed from the class because of the last response paper he had submitted. (*Id.*)

Davis submitted grievances to both Principato and Defendant Churchill, the vice president of the University of Michigan. (*Id.* at PageID.12.) Churchill informed Davis that his dismissal from the program was for "violating program rules" and that the dismissal "was deemed to be appropriate and supported by ample evidence." (*Id.*)

Davis submitted an official MDOC Step I grievance about his termination in February 2018. (ECF No. 15, PageID.123.) On February 27, 2018, Davis was transferred to Chippewa Correctional Facility in the Upper Peninsula. (*Id.*)

In early May 2018, Davis was transferred to Marquette Branch Prison (MBP) to facilitate emergency neurosurgery. (*Id.* at PageID.124.) Davis states that he was suffering from "brain tumor-like symptoms of hydrocephalus which caused severe migraine headaches and vision impairment." (ECF No. 18, PageID.154.)

Davis claims that he received the rejection of his Step I grievance on May 15, although the letter is dated March 2, 2018. (*Id.* at PageID.124, 129.) Upon receiving the rejection, Davis wrote to MBP's Grievance Coordinator, G. Caron, and requested a Step II grievance appeal form. Caron

responded that Davis needed to contact MRF with his request. (*Id.* at PageID.130.) Davis alleges that he wrote to the grievance coordinator at MRF, E. Taylor, but received no reply. (*Id.* at PageID.130.)

Davis filed his complaint in July 2019, alleging he was terminated from the Inside-Out Program without due process and in retaliation for the viewpoints he expressed. (*Id.* at PageID.13–16.) Davis sues Principato, Pickus, Churchill, and the Regents of the University of Michigan. (*Id.* at PageID.1.) All pretrial matters in the case were referred to Magistrate Judge Grand. (ECF No. 12.)

In time, Principato filed a motion for summary judgment based on failure to exhaust and a motion to dismiss based on sovereign immunity. (ECF No. 11.) Judge Grand wrote a Report and Recommendation finding that Principato's motion for summary judgment should be granted. (ECF No. 17.) Davis objected, asserting that he was not able to exhaust his administrative remedies because he was suffering from a medical condition, hydrocephalus, that caused cognitive issues. (ECF No. 18.) Davis simultaneously filed a motion to appoint an expert to aid in the Court's understanding of how hydrocephalus impacted Davis. (ECF No. 19.) Judge Grand denied the motion, finding that appointment of an expert was not warranted. (ECF No. 21, PageID.171.) Davis filed an objection to the order too. (ECF No. 22.)

**II.**

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; but the district judge has no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs.*, LLC, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

When a party objects to a magistrate judge's order, a district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

### III.

The Court will first address Davis's objections to Judge Grand's Report and Recommendation, and then his objections to the Order Denying the Motion to Appoint an Expert.

### A.

### 1.

In his Report and Recommendation, Judge Grand found that Davis had not exhausted administrative remedies as required by the Prison Litigation Reform Act (PLRA). (ECF No. 17, PageID.143.) The PLRA requires that a prisoner exhaust all available remedies, as defined by their prison's grievance process, before filing a lawsuit under federal law. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 216 (2007). The MDOC grievance policy requires that a prisoner pursue a grievance through all three steps of the MDOC grievance process before filing a lawsuit. (ECF No. 122-2, PageID.69.)

It is undisputed that Davis did not pursue his grievance beyond Step I. (ECF No. 15, PageID.124–125.) But Davis argued in his response that the rest of the grievance procedure was unavailable to him because he was never given a Step II grievance form despite requesting one. (ECF No. 15, PageID.125.)

Judge Grand found that Davis did not create a material question of fact whether the grievance process was unavailable to him because he presented no evidence that he actually ever requested a Step II grievance form from the correct MDOC employee or that Principato failed to follow the grievance policies. (ECF No. 17, PageID.146–147.)

**2.**

Davis makes three objections to Judge Grand's Report and Recommendation.

Davis's first objection is in response to Judge Grand's statement that he did not provide sufficient evidence to support his assertion that he requested a Step II grievance form. (ECF No. 18, PageID.152.)

Davis argues that the reason he does not have documentation of his letter to Taylor is because Taylor never responded, and that the Court should not blame Davis when he was forced to entrust his letter to the prison authorities. (ECF No. 18, PageID.153.) Davis's point is well taken, but it does not change the outcome of the Report and Recommendation. Judge Grand does not require Davis to produce a copy of the letter, but instead finds that Davis provides no evidence whatsoever that he sent the letter. Judge Grand points out that Davis's statement in his response brief that he sent a letter is not evidence the Court can consider at summary judgment, and even if it was, it would be of little value because it is so vague: he notes that Davis "neither identifies the letter's date nor says anything about its contents." (ECF No. 17, PageID.148.) And in his objections, Davis does not attempt to provide any further details or explanation. Although the Court considers the facts in the light most favorable to Davis at the summary judgment stage, he must "present more than a mere scintilla of evidence in support of [his] position." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). Davis cannot even clear this low bar.

Davis's other three objections are all interconnected and related to his hydrocephalus and emergency neurosurgery. Davis argues that his failure to provide detail about his letter to Taylor or to take further action to attempt to exhaust his grievance can be attributed to the serious migraines and vision impairment he was suffering from as a result of hydrocephalus. (ECF No. 17, PageID.154.) And Davis argues that even if he failed to exhaust, his failure should be excused

5

because he was suffering from hydrocephalus and underwent emergency neurosurgery during the time of the grievance process. (*Id.* at PageID.155.)

Davis raises these arguments for the first time in his objections to the Report and Recommendation. "[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]." *Harris v. Ocwen Loan Servicing, LLC*, No. 17-5399, 2017 WL 8791308, at *2 (6th Cir. Nov. 22, 2017) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). Davis did not raise any allegations about his neurological condition or how it affected his ability to comply with the exhaustion requirement in either his complaint or his response to Principato's motion for summary judgment. And he offers no explanation for his failure to raise these arguments earlier. So these arguments can be considered forfeited.

But even if the Court does not find Davis waived these arguments, Davis is still not entitled to relief because Davis has not met his burden to show there is a genuine issue of material fact as to whether the grievance process was unavailable to him.

The main finding of Judge Grand's report still stands: Davis has not presented any evidence that he was prevented from exhausting administrative remedies.

First, Davis does not provide any evidence that he was actually cognitively impaired during the time of the grievance process. In support of his objections, Davis attaches notes from his neurosurgeon dated May 3, 2018. (ECF No. 18, PageID.157.) The doctor confirms Davis's hydrocephalus diagnosis and notes Davis's symptoms as "chronic migraine headaches" and "some increasing dizziness." (*Id.* at PageID.157.) But the doctor states that on the date of the examination Davis was "fully oriented and in no apparent distress, and had fluent speech, good attention span, good memory, and good situation awareness." (*Id.* at PageID.158.)

Although Davis provides general statements about his symptoms, nowhere does he explain how the disease actually prevented him from exhausting the grievance process or properly documenting his efforts to do so. Davis states only that his disease caused "migraine headaches and vison impairment" (ECF No. 18, PageID.154) and later that the disease and surgery "caused many changes and shifts to [his] cognition" (ECF No. 18, PageID.156). These general statements do not show why he could not complete the specific act of exhaustion.

In fact, the record before the Court supports a finding that Davis was capable of properly exhausting the administrative remedies. First, Davis notes that he was assigned a "handicap assistant" to help him write "kites" and complete other basic tasks. (ECF No. 18, PageID.155.) And during the time of his illness, Davis was able to successfully write to Caron, the MBP grievance coordinator, immediately after receiving the rejection of his Step I grievance on May 15th. (ECF No. 15, PageID.124, 130.) Caron wrote back to Davis two days later. (ECF No. 15, PageID.130.) Davis does not suggest that his ability to write kites and comply with the grievance process had changed in that two-day period.

Davis suggests that the record of his functioning would be different if only he had an expert. Davis indicates that an expert would be able to explain why symptoms related to his hydrocephalous and the after-effects of surgery prevented him from exhausting. (*See* ECF No. 19.) But, as explained below, Magistrate Judge Grand did not commit clear error in denying Davis' motion to appoint an expert.

Finally, even if Davis was temporarily cognitively impaired, he does not explain why he did not make further efforts to pursue his grievance after he recovered, or why he has not offered even an affidavit stating that he wrote to Taylor, the MRF grievance coordinator. Davis himself even says "it's hard to say" whether he would have provided the Court with more information

7

about his letter to Taylor if he had not been suffering from hydrocephalus at the time. (ECF No. 18, PageID.156.)

Davis's final suggestion, that the Court should excuse his failure to exhaust on equitable grounds, is not supported by law. The PLRA provides an explicit exception to exhaustion—when administrative remedies are unavailable—and the Court may not otherwise consider equitable arguments to excuse exhaustion. *See Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016) ("Courts may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement.").

Because Davis has not presented any evidence that MDOC's grievance process was unavailable to him, he has failed to "make an affirmative showing with proper evidence" as required to defeat Principato's summary judgment motion. *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).

**B.**

Davis also filed objections to Judge Grand's February 18, 2020 Order Denying Plaintiff's Motion to Appoint an Expert. (ECF No. 22.) The objections largely repeat the allegations and arguments Davis has presented in his other filings and do not directly address Judge Grand's finding that Davis has not established extraordinary circumstances justifying the appointment of an expert. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). But the Court will interpret the objections in the light most favorable to Davis and address each objection in turn.

Davis's first objection actually relates to Judge Grand's Report and Recommendation, which the Court addressed above.

Davis's second objection attacks a general statement Judge Grand made relating to the purpose of Federal Rule of Evidence 706. This objection is improper because it does not relate to a dispositive issue in Davis's case. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

In his third objection Davis alleges that Judge Grand's order was based on an incorrect understanding of hydrocephalus. But neither Judge Grand's order, nor his Report and Recommendation, rely on an understanding of the disease. So this objection is unavailing.

Davis also states in his third objection that he seeks medical expert evidence to support his argument for "equitable tolling" of the PLRA exhaustion requirement. (ECF No. 22, PageID.175, 179.) The Court notes that equitable tolling applies only in the context of a statute of limitations problem. And the PLRA and the case law interpreting it expressly preclude equitable exceptions to exhaustion beyond the explicit exception for unavailable remedies contained in the text of the PLRA. *See Ross*, 136 S. Ct. at 1862.

As Judge Grand notes in his order, "courts 'should appoint an expert only in the most compelling of circumstances.'" (ECF No. 21, PageID.171 (citing *Blosser v. Gilbert*, No. 07-14031, 2008 WL 4387343, at *2 (E.D. Mich. Sept. 24, 2008))). Judge Grand's finding that Davis has not established extraordinary circumstances warranting the appointment of an expert witness is not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). So the Court overrules Davis's objections and declines to modify or set aside Judge Grand's order.

## IV.

For the reasons stated above, the Court overrules Davis's objections (ECF No. 18), adopts the Magistrate Judge's Report and Recommendation (ECF No. 17), and grants the motion for

9

summary judgment filed by Defendant Principato (née Visconti) (ECF No. 11). The Court also overrules Davis's objections (ECF No. 22) and affirms the Magistrate Judge's Order Denying Plaintiff's Motion to Appoint an Expert (ECF No. 21). The case will proceed against the remaining defendants.

SO ORDERED.

Dated: May 14, 2020

                                      s/Laurie J. Michelson
                                      LAURIE J. MICHELSON
                                      UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 14, 2020.

                                      s/Erica Karhoff
                                      Case Manager to the
                                      Honorable Laurie J. Michelson